

FILED
May 12 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ mariar  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 20MJ0818-MSB |
|---|---|
| Plaintiff, | **ORDER GRANTING CONTESTED JOINT MOTION FOR RECONSIDERATOIN OF DETENTION ORDER** |
| v. | |
| JACQUES JOEL ALABY, | |
| Defendant. | |

On May 06, 2020, the United States (hereinafter "the Government") and Defendant Jacques Joel Alaby (hereinafter "Defendant") filed a Contested Joint Motion with regard to reconsidering Defendant's Detention Order [ECF No. 17.]

Background

After a hearing on February 27, 2020, the Court granted the Government's motion to detain Defendant [ECF No. 7.] The Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. The Court did not find by a preponderance of the evidence that Defendant presented a serious risk of flight. The Court found that the

1

following factors supported an order of detention: the weight of the evidence (although the least important factor), prior criminal history including a conviction for both weapon and drug offenses, a history of alcohol or substance abuse, the fact that Defendant would be subjected to a lengthy period of incarceration if convicted, and a lack of prospective sureties.

Defendant now seeks reconsideration of the Court's Order of Detention and requests that the Court set release conditions consisting of a signature bond signed by one financially responsible adult, a $50,000.00 cash deposit, and GPS monitoring. Defendant's motion seeks relief pursuant to 18 U.S.C. § 3142(c)(3) however the Court finds appropriate review of its Detention Order under 18 U.S.C. § 3142(f) and 18 U.S.C. § 3145(b).

### Defendant's Position

Defendant indicates that he is married, has an 18-month-old child and if released, would live in a home owned by his in-laws.  His in-laws are willing to post a significant cash bond for Defendant's release from custody.  Defendant indicates he has lived in San Diego his entire life and has significant family ties here including his parents and siblings.   Further, although not raising any personal medical issues, Defendant asserts that the COVID-19 pandemic and the risk it poses constitute a change in circumstances that the Court should consider in granting bond.

### Government's Position

The Government maintains that Defendant is a danger to the community, as initially found at the Detention Hearing.  The Government indicates that bond is inappropriate because Defendant offers no evidence, much less clear and convincing evidence, that he is not a danger if released. The Government asserts that none of the § 3142(g) factors have changed since the initial finding of detention.  The Government attaches a criminal history report of Defendant indicating he has eleven (11) criminal

history points which would place him in a criminal history category V.  The Government further argues that Defendant's motion as to the health risks he faces from potential COVID-19 transmission in custody does not constitute adequate grounds to set bond.

<u>Pretrial Service Officer's Position</u>

Input from the Pretrial Services Officer was either not sought or not put in the jointly filed motion.

<u>Analysis</u>

18 U.S.C. § 3142(f) provides that the detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3145(b) provides that an individual ordered detained by a magistrate judge may file a motion for revocation or amendment of the order.

Although the Court is mindful of the serious risks any person faces due to the COVID-19 pandemic, said reason in and of itself is not sufficient to modify the balance of factors prescribed by Congress in determining whether he is properly subject to pretrial detention.  <u>See</u> United States v. Villegas, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.)

With respect to reconsidering the Court's Order of Detention, the Court disagrees with the Government that Defendant has failed to present any new information to support an order of pretrial release. The Court's Order of Detention was entered without prejudice based on the information available on the date of Defendant's initial

appearance. It is no surprise that since then, Defendant's counsel has been able to obtain additional information regarding potential sureties and Defendant's access to stable housing.

In this case, Defendant proffers the following "new evidence" to challenge the Court's factual findings in the initial Order of Detention: Defendant's father-in-law is willing to serve as a surety and guarantee both Defendant's attendance in court and his good conduct while on pretrial supervision.

The Court finds that based on this new information, conditions of release can be set that will reasonably assure the safety of the community and also guarantee Defendant's appearance as required. The Court will enter a separate Pretrial Release Order setting forth the specific conditions of release.

As such, the Court **GRANTS** Defendant's request for reconsideration of its Order of Detention.

**IT IS SO ORDERED.**

Dated:  May 12, 2020

MICHAEL S. BERG
U.S. Magistrate Judge